**Ricardo RAMIREZ–GUTIERREZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–72291.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 25, 2011.\*

Filed Nov. 1, 2011.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Ricardo Ramirez–Gutierrez, Denair, CA, pro se.

Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Nehal Kamani, OIL, Patricia Ann Smith, Senior Litigation Counsel, Aric Allan Anderson, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Ricardo Ramirez–Gutierrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for a waiver under Section 212(h) of the Immigration and Nationality Act. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

■ Ramirez–Gutierrez's contention that he began lawfully residing continually in the United States when he took steps to establish substantial ties in the United States is unpersuasive. *See* 8 U.S.C. § 1182(h) (an alien previously admitted for lawful permanent residence is ineligible for a 212(h) waiver if the alien has not "lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States").

■ We lack jurisdiction over Ramirez–Gutierrez's contention that he began accruing lawful continuous residence when he filed his I–130 petition because he did not raise the claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Ramirez–Gutierrez's equal protection argument is unavailing. *Taniguchi v. Schultz*, 303 F.3d 950, 957 (9th Cir.2002) ("[A] statute that limits the relief available to a certain class of aliens will be 'valid unless wholly irrational.' ").

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.